**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

TONI H. JEFFRIES,
<u>Plaintiff-Appellant,</u>

and

KERMIT C. ZEIG, JR.,

<u>Plaintiff,</u>

No. 97-1398

v.

PACIFIC INDEMNITY COMPANY,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-96-821-A)

Argued: October 27, 1997

Decided: December 17, 1997

Before WILKINSON, Chief Judge, HAMILTON, Circuit Judge,
and MERHIGE, Senior United States District Judge for the Eastern
District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** August William Steinhilber, III, BRAULT, PALMER,
GROVE, ZIMMERMAN, WHITE & MIMS, Fairfax, Virginia, for

Appellant. Craig David Roswell, NILES, BARTON & WILMER, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In this action for breach of contract, Appellant Toni Jeffries held a homeowner's policy issued by Appellee Pacific Indemnity Insurance Company (Pacific Indemnity) that included schedules covering seventeen items of jewelry. When Pacific Indemnity denied a claim for the value of fourteen items of covered jewelry that were allegedly lost, Jeffries brought this action against Pacific Indemnity for breach of contract and bad faith. On appeal from a jury verdict in favor of Pacific Indemnity, Jeffries argues that the district court abused its discretion by (1) admitting certain documents into evidence, and (2) instructing the jury that Jeffries had to prove she owned all the items of jewelry in order to prevail in the lawsuit. Because we conclude that the district court did not abuse its discretion in taking these actions, we affirm the judgment of the district court.

I.

In 1993, Pacific Indemnity issued a homeowner's insurance policy to Jeffries and her husband, Kermit Zeig. At the time of the alleged loss, the policy contained schedules insuring seventeen specific items of jewelry worth well over $300,000. The insurance policy also contained the following provision:

> Concealment or Fraud. We do not provide coverage if you or any covered person has willfully concealed or misrepresented any material fact relating to this policy before or after loss.

2

Jeffries asserts that on March 8, 1994, fourteen items of the insured jewelry disappeared sometime after Zeig placed them in his car in a plastic bag. Zeig allegedly ran various errands that day with the jewelry in the car. When he returned home that evening, Zeig believed that the jewelry was still in his locked car. The next day, however, he found the jewelry missing. The car showed no signs of forced entry.

Jeffries filed an insurance claim with Pacific Indemnity, requesting payment for the value of the lost jewelry. In the course of investigating the claim, Pacific Indemnity alleges it found irregularities that led it to deny the claim. Pacific Indemnity asserted that Jeffries and Zeig had intentionally concealed and/or misrepresented material facts both (1) when they applied for policy coverage, and (2) during the course of the claim investigation. Pacific Indemnity believed that the loss, if it occurred at all, was intentionally caused by Zeig and/or Jeffries. When Pacific Indemnity refused to pay on the claim, Jeffries filed this suit in Virginia state court for breach of contract and bad faith.* Pacific Indemnity removed the case to the United States District Court for the Eastern District of Virginia.

The district court's scheduling order required the parties to bring to the pre-trial conference a list of all exhibits to be used at trial. The scheduling order provided that "exhibits not so disclosed and listed will not be permitted at trial except for impeachment or rebuttal." The parties completed discovery, and the case proceeded to trial.

At trial, Jeffries presented little proof that the jewelry had ever been purchased. With respect to five of the items in particular, having a cumulative value of $81,000, Jeffries offered no evidence to support their existence. In short, Jeffries relied largely on her own testimony to establish that she owned all fourteen jewelry items for which she had filed the insurance claim. It is clear from the record that, while Jeffries may have proved ownership of some of the items, she did not prove she owned all the jewelry at the time of the alleged loss.

Pacific Indemnity, on the other hand, presented evidence that Jeffries did not own some of the items of jewelry on the day of loss. This

_____

*Zeig was originally a party plaintiff to the case but, on the first day of trial, he was voluntarily dismissed.

3

evidence included three documents, labeled as Defendant's Exhibits 25, 26 and 27, which were not disclosed at the pre-trial conference but which the district court admitted into evidence. Pacific Indemnity also presented other evidence that Jeffries had made material misrepresentations while contracting for the policy and while filing this insurance claim.

After hearing all the evidence, the jury retired to deliberate. The jury deliberated for approximately one and one-half hours before referring a question to the district court. This question read, "[D]o we need to decide that the plaintiff owned all items at issue or could we decide she owned some of them?" Over Jeffries' objection, the district court responded, "The claim at issue in this case is for all the items at issue. If the plaintiff cannot prove by a preponderance of the evidence that she owned all the items of jewelry and that they were all lost, she cannot prevail in this lawsuit."

The jury thereafter returned a verdict in favor of Pacific Indemnity. In a special interrogatory, the jury found that Jeffries did not own the jewelry items at issue on the date of the alleged loss. Accordingly, the jury denied her any recovery. The district court entered judgment in favor of Pacific Indemnity, and Jeffries filed a timely appeal to this court.

II.

A.

Jeffries first argues the district court erred by admitting Defendant's Exhibits 25, 26 and 27 into evidence. We review a district court's decision to admit exhibits into evidence for an abuse of discretion. See Brinkley-Obu v. Hughes Training, Inc. , 36 F.3d 336, 355 (4th Cir. 1994).

B.

Jeffries asserts that, since Pacific Indemnity failed to disclose these exhibits in the pre-trial conference, the district court violated its own scheduling order by admitting these documents into evidence. We

4

have examined the record, the exhibits in question, and the cases to which Jeffries cites, and can find no abuse of discretion. It is clear from the record that these exhibits were being used to impeach the credibility of Jeffries and Zeig. As such, they were admissible under both the district court's scheduling order, which stated undisclosed exhibits could be used for impeachment or rebuttal, and the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 26(a)(3)(C) ("a party shall provide to other parties [an appropriate identification of each document] that it may present at trial other than solely for impeachment purposes."). Consequently, we hold that the district court did not abuse its discretion in admitting these exhibits into evidence.

III.

A.

Jeffries next asserts the district court erred by instructing the jury that Jeffries had to prove she owned all the jewelry to prevail in this lawsuit. We review a district court's decision to give or not to give a jury instruction, and the content of that instruction, for abuse of discretion. See United States v. Bostian, 59 F.3d 474, 480 (4th Cir. 1995). "We will not reverse a judgment because of an erroneous jury instruction if `viewed as a whole and in the context of the trial, the charge was not misleading and contained an adequate statement of the law to guide the jury's determination.'" United States v. United Med. & Surgical Supply Corp., 989 F.2d 1390, 1407 (4th Cir. 1993) (quoting United States v. Park, 421 U.S. 658, 675 (1975)). When faced with a challenge to a supplemental instruction, we inquire whether the supplemental instruction fairly responded to the jury's question without creating prejudice. Id.

B.

In essence, Jeffries argues here that she should have been able to recover for those items of jewelry which she did prove she owned. We find this argument to be without merit. First, the record reveals that Jeffries brought this case on an "all or nothing" basis. Her complaint stated that she owned the fourteen items of jewelry allegedly lost, and she sued to recover their entire value. Furthermore, Jeffries never argued during trial that the jury could compensate her for the

5

loss of <u>any particular</u> item she proved she owned. Second, if Jeffries misrepresented her ownership of any of the items she reported lost, then under the terms of the insurance policy she would be entitled to no recovery. We conclude the supplemental jury instruction fairly and accurately explained this provision of the insurance policy. Finding no error, therefore, we hold that the district court did not abuse its discretion in giving this supplemental instruction.

IV.

Because we hold that the district court did not abuse its discretion by admitting Defendant's Exhibits 25, 26 and 27 into evidence, or by instructing the jury that Jeffries had to prove ownership of all the jewelry allegedly lost in order to prevail in this suit, we affirm the judgment of the district court.

<u>AFFIRMED</u>

6